Affirmed and Memorandum Opinion filed March 3, 2009








Affirmed and Memorandum Opinion filed March 3, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00235-CV

____________

 

ZAHOOR SIDDIQUI, Appellant

 

V.

 

MASOON SIDDIQUI AND QUETA VERA, Appellees

 



 

On Appeal from the 257th
District Court

Harris County, Texas

Trial Court Cause No. 2004-55959

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Zahoor Siddiqui, a pro se litigant, appeals from
a final decree of divorce dissolving his marriage to appellee Masoon Siddiqui. 
In the decree, the trial court awarded past due legal fees to appellant=s former attorney,
appellee Queta Vera, who had intervened in the divorce action.  On appeal,
appellant challenges the awards made to both appellees.  We affirm.








Background

Masoon filed a petition seeking dissolution of her marriage
to appellant.  Appellant filed his own pleadings asserting, among other things,
claims for intentional infliction of emotional distress, defamation, and
assault.  After the trial court entered temporary orders in the case, appellant
filed several motions for enforcement alleging violations of the temporary
orders by Masoon.  The final motion for enforcement was heard at the same time
as the final trial.  During the course of the proceedings, appellant was
represented by three attorneys but ultimately represented himself at trial and
represents himself on appeal.  One of his former attorneys, Queta Vera, filed a
petition in intervention seeking past due attorney=s fees and
expenses.  In response, appellant filed pleadings against Vera for professional
negligence.  At the close of trial, the trial court granted a directed verdict
against appellant=s professional negligence claims.  The
court then granted the divorce, denied the motion to enforce based on
insufficient evidence of violations of the temporary orders, found no evidence
of intentional infliction of emotional distress or defamation, and found
insufficient evidence of assault.  The trial court further found that appellant
was intentionally underemployed and assessed child support accordingly.  In its
final decree, the court named both parents as joint managing conservators of
the one remaining minor child and gave primary custody to Masoon and a standard
possession order to appellant.  The trial court further ordered appellant to
pay $4,666.39 to Vera as past due fees and expenses, and $10,350 to Masoon=s attorney for her
fees.  The trial court additionally divided the marital assets and liabilities
between the parties.








In his first two issues on appeal, appellant complains that
(1) he was not timely served with the final decree prior to entry, and (2)
Masoon submitted various documents to the court  just one day before trial and
never served them on appellant.  In issues three through nine, appellant
contends that the trial court erred in (1) denying his motion for enforcement;
(2) refusing to award damages for assault, intentional infliction of emotional
distress, and defamation; (3) awarding Vera $4,666.39; (4) dividing the marital
estate; (5) ordering him to pay child support on the basis of a job he had not
had for four years; (6) ordering him to pay $10,350 for Masoon=s attorney=s fees; and (7)
refusing to find that appellee Vera negligently represented him.

Discussion

While we have compassion for the plight of the pro se
litigant attempting to follow the rules of legal procedure and substantive
laws, and therefore construe pro se pleadings and briefs liberally, we must
still hold appellant to the same standard as a licensed attorney, requiring
that he follow those same rules and laws.  Mansfield State Bank v. Cohn,
573 S.W.2d 181, 184‑85 (Tex. 1978); Cooper v. Circle Ten Council Boy
Scouts of Am., 254 S.W.3d 689, 693 (Tex. App.CDallas 2008, no
pet.).  To do otherwise would give a pro se litigant an unfair advantage over a
litigant represented by counsel.  Mansfield State Bank, 573 S.W.2d at
185; Cooper, 254 S.W.3d at 693.  Before a complaint can be raised on
appeal, it first must be made in the trial court in the form of a timely and
sufficiently specific  objection, request, or motion.  Tex. R. App. P.
33.1(a).  If the appellant failed to make the complaint in the trial court, it
is not preserved for appellate review.  Cayan v. Cayan, 38 S.W.3d 161,
164 (Tex. App.CHouston [14th Dist.] 2000, pet. denied).  Among other
requirements, an appellate brief must contain appropriate argument for the
relief sought.  See Tex. R. App. P.
38.1(h).  The brief must also contain appropriate citations to the
record and to relevant authority.  Id.  Failure to make appropriate
argument or provide relevant citations will result in the overruling of the
issue raised.  See, e.g., Sterling v. Alexander, 99 S.W.3d 793, 799
(Tex. App.CHouston [14th Dist.] 2003, pet. denied).








In his first issue, appellant contends that he was not
served with the final decree, and thus was not able to review it, prior to
entry.  Under this issue, appellant complains not only that he was not timely
served but also that the decree is incorrect on several points, including
that:  (1) the case was heard on a particular date, (2) the making of a record
was waived by the parties, and (3) the parties entered into a written
agreement.  In regards to the date the court heard the case, the decree makes
apparent reference to the date of entry, not the date of trial, as appellant
suggests.  Regarding the other points raised by appellant, although he raised
the issue of inability to review the decree in his motion for new trial, and he
makes numerous factual allegations in his brief, he has not provided any proof
in support of his accusations.  The pleadings filed in the case, to which
appellant cites, are not evidence.  Grass v. Golden, 153 S.W.3d 659, 660
(Tex. App.CTyler 2004, orig. proceeding) (citing Laidlaw Waste
Sys.  (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995)). 
The factual statements made in appellant=s briefs are not
evidence.  See Calp v. Tau Kappa Epsilon Fraternity, 75 S.W.3d
641, 647 (Tex. App.CAmarillo 2002, pet. denied) (disregarding
factual statements not supported by record references).  Because appellant has
not supported his factual allegations with evidence or citation to evidence, we
overrule his first issue.

In his second issue, appellant complains that appellee
Masoon submitted various pleadings, exhibits, and orders to the court just one
day before trial and never served them on appellant.  Appellant, however, does
not cite to any place in the record where he made an objection, request, or
motion on this basis, and our review of the record has discovered no such
objection, request, or motion.  Consequently, this issue is not preserved for
review.  See Tex. R. App. P. 33.1(a).  We overrule appellant=s second issue.








In appellant=s third issue, he
contends that the trial court erred in denying his motion for enforcement.  The
court denied the motion based on a finding of insufficient evidence of
violations of the court=s temporary orders as alleged in the
motion.  See generally City of Keller v. Wilson, 168 S.W.3d 802, 810-27
(Tex. 2005) (discussing standards governing sufficiency of the evidence).  In
his briefing, appellant claims that Masoon violated the trial court=s temporary orders
by failing to timely attend a program for divorcing parents and timely file
verification of such attendance.  Appellant further complains that Masoon
committed perjury by telling the court that she had properly complied with
these portions of the temporary orders and that since she lied in regards to
that issue it means she also lied on other statements, such as when she denied
not surrendering the children to appellant on his assigned visitation days. 
Appellant additionally asserts that Masoon talked to the children about the
case, controlled their daughter against him, and failed to timely register the
children for counseling, all in violation of the court=s temporary
orders.  The burden of proof on the motion for enforcement was on appellant.  See
In re M.M.S., 256 S.W.3d 470, 477-78 (Tex. App.CDallas 2008, no
pet.).  In her testimony, Masoon generally denied the allegations made by
appellant.  In his testimony, appellant complained generally that Masoon did
not let him see the kids and had turned the kids against him.  He did not offer
any specifics.  As factfinder, the trial court was free to accept Masoon=s generalized
testimony and disregard appellant=s.  See, e.g.,
Graybar Elec. Co., v. LEM & Assocs., L.L.C., 252 S.W.3d 536, 544 (Tex.
App.CHouston [14th
Dist.] 2008, no pet.).  The items appellant cites to in the clerk=s record, such as
Masoon=s certificate of
completion of the parenting program, do not constitute evidence because they
were not admitted as exhibits at trial or judicially noticed by the court.  See
In re J.R.S., 232 S.W.3d 278, 280-81, 281 n.4 (Tex. App.CFort Worth 2007,
no pet.).  Based on the evidence actually in the trial record, we cannot say
that the trial court erred in denying appellant=s motion for
enforcement.[1] 
Accordingly, we overrule his third issue.








In the fourth issue, appellant contends that the trial
court erred in refusing to award him damages on his claims for assault,
intentional infliction of emotional distress, and defamation.  The trial court
specifically found that appellant presented no evidence of intentional
infliction of emotional distress or defamation and insufficient evidence of
assault.  In support of this issue, the only relevant record citations
appellant provides are to (1) Masoon=s testimony that
they had a fight, (2) a neighbor=s testimony that
he once saw appellant with scratch marks on his face, and (3) appellant=s own testimony
wherein he accused Masoon of trying to poke his eye out.  The record further
reveals that Masoon also testified that appellant was the aggressor and the
abuser in the relationship, and that the neighbor did not testify as to how
appellant received the scratches he observed.  As factfinder, the court was
free to believe Masoon=s testimony and disbelieve appellant=s testimony.  See,
e.g., Graybar Elec. Co., 252 S.W.3d 536 at 544.  Although the testimony
appellant cites may have been relevant to his assault claim, it does not
establish that the trial court erred in refusing to award damages on that
claim.  See generally Morgan v. City of Alvin, 175 S.W.3d 408, 418 (Tex.
App.CHouston [1st
Dist.] 2004, no pet.) (AA person commits an assault by (1)
intentionally, knowingly, or recklessly causing bodily injury to another;  (2)
intentionally or knowingly threatening another with imminent bodily injury; or
(3) intentionally or knowingly causing physical contact with another when the
person knows or should reasonably believe that the other will regard the
contact as offensive or provocative.@).  Furthermore, in
his brief, appellant fails to provide any relevant citations to authority.  See
Tex. R. App. P. 38.1(h). 
Accordingly, this issue is overruled.

In issue number five, appellant contends that the trial
court erred in awarding his former attorney, Queta Vera, $4,666.39 for her
outstanding fees and expenses.  During trial, Vera introduced her billing
records into evidence and testified regarding (1) the contract between her and
appellant, (2) a check from appellant that was returned for insufficient funds,
and (3) the reasonableness and necessity of the fees charged.  In his
testimony, appellant alleged, with limited explanation, that Vera overcharged
him, produced unuseable discovery, and turned against him at mediation.  In his
appellate brief, appellant provides a further litany of conclusory allegations
against Vera (and Masoon) unsupported by citation to trial evidence.  Appellant
cites primarily to Vera=s billing records, which generally support
her claims to fees and expenses due, and to the clerk=s record.  Nothing
in the clerk=s record constituted evidence at trial unless admitted
as an exhibit at trial or judicially noticed by the court.  See In re J.R.S.,
232 S.W.3d at 280-81, 281 n.4.  Appellant also does not assert any particular
legal argument as a basis for overturning the award.  Because appellant fails
to make proper legal arguments supported by proper citations to the record, we
overrule his fifth issue.  See Sterling, 99 S.W.3d at 799.








In his sixth issue, appellant contends that the trial court
erred in its division of the marital estate.  Appellant specifically asserts
that (1) the assets and liabilities listed for him in one of Masoon=s exhibits were
four years old at the time of trial; (2) since that time, Masoon has Aacquired new loans
and sold stocks,@ while appellant Asold bonds and . .
. acquire more debt;@ and (3) appellant began but was not
allowed to complete repairs to the electrical system of the house.  A trial
court has broad discretion in dividing the marital estate at divorce.  Murff
v. Murff, 615 S.W.2d 696, 698 (Tex. 1981); Zagorski v. Zagorski, 116
S.W.3d 309, 313 (Tex. App.CHouston [14th Dist.] 2003, pet. denied). 
On appeal, we will presume the trial court properly exercised its discretion
and reverse only where the trial court clearly abused its discretion.  Murff,
615 S.W.2d at 698; Zagorski, 116 S.W.3d at 313.  Apart from the
statements listed above, appellant offers no explanation of how the trial court
abused its discretion in dividing the marital property.  Appellant also does
not cite any authority in support of his statements and the only record cites
he provides do not support his position.  Consequently, we find this issue
improperly briefed.  See Tex. R. App. P.
38.1(h); Sterling, 99 S.W.3d at 799.   Issue six is overruled.








In his seventh issue, appellant contends that the trial
court erred in ordering him to pay child support on the basis of a job he had
not held for four years.  Appellant additionally asserts that the court erred
in ordering child support exceeding 20% of his disposable earnings for one
child and 50% of his disposable earnings over all.  Generally, a trial court
has broad discretion in setting child support payments, and absent a clear
abuse of discretion, the court=s order will not be disturbed on appeal.  In
re Davis, 30 S.W.3d 609, 616 (Tex. App.CTexarkana 2000, no
pet.).  Here, at the conclusion of trial, the trial court stated that it found
appellant was intentionally underemployed and thus based his child support
obligation on a previous job.  See Tex. Fam. Code ' 154.066 (AIf the actual
income of the obligor is significantly less than what the obligor could earn
because of intentional unemployment or underemployment, the court may apply the
support guidelines to the earning potential of the obligor.@); Schaban‑Maurer
v. Maurer‑Schaban, 238 S.W.3d 815, 826 (Tex. App.CFort Worth 2007,
no pet.) (discussing section 154.066).  Beyond asserting that child support
should be based on current wages, appellant makes no argument explaining why
the court erred in holding that he was intentionally underemployed.  In support
of his argument that the court erred in awarding over 50% of his disposable
income, appellant cites the wage withholding order, wherein it states: AThe maximum amount
to be withheld shall not exceed fifty percent (50%) of the Obligor=s disposable earnings.@  As appellee
Masoon points out in her brief, this statement prevents an employer from
withholding more than 50% of appellant=s disposable
earnings but does not prevent the court from ordering him to pay over 50% of
his earnings.  Because appellant has failed to make an argument explaining why
the trial court erred and has failed to cite relevant authority for the points
raised, we overrule appellant=s seventh issue.  See Tex. R. App.
P. 38.1(h); Sterling, 99
S.W.3d at 799.








In issue eight, appellant contends that the trial court
erred in ordering him to pay $10,350 for Masoon=s attorney=s fees.  Appellant
first suggests that Masoon should be responsible for her own attorney=s fees because she
instituted the divorce proceedings.  Appellant, however, does not cite any
authority in support of this strict proposition, and we are aware of none. 
Appellant next asserts, without citation to the record or authority, that
Masoon did not plead for attorney=s fees.  Masoon=s pleadings,
however, consistently contained a request that attorney=s fees be awarded
against appellant.  Appellant additionally states that he was charged with
attorney=s fees because he
was allegedly responsible for eight delays in the trial setting.  Appellant
then goes through eleven continuances or resettings and attempts to explain why
he did not cause them.  Although Masoon=s counsel
testified regarding the reasonableness and necessity of her fees and various
delays in the proceedings, she stopped short of blaming appellant for those
delays.  Furthermore, the trial court said nothing in its findings or in the
decree about the award of attorney=s fees being based
on delays caused by appellant.  Thus, appellant=s arguments that
he did not cause such delays do not demonstrate, without more, that the trial
court erred in awarding attorney=s fees.  Appellant
offers no further argument as to how the trial court erred in ordering him to
pay Masoon=s attorney=s fees. 
Consequently, we overrule issue eight.

In issue nine, appellant contends that the trial court
erred in refusing to find that Vera negligently represented him.  To be
successful on a professional negligence, or malpractice, cause of action, a
claimant must demonstrate: (1) the professional owed a duty to the claimant,
(2) the professional breached that duty, (3) such breach proximately caused
injury to the claimant, and (4) compensable damages occurred.  Grimes v.
Reynolds, 252 S.W.3d 554, 558-59 (Tex. App.CHouston [14th
Dist.] 2008, no pet.).  At the close of appellant=s case-in-chief,
Vera=s attorney moved
for a directed verdict on appellant=s negligence
claims on the ground that appellant had failed to present any evidence
regarding duty, breach, or causation.  The trial court granted the motion.  In
his briefing on this issue, appellant does not cite to any evidence in the
record establishing any of the elements of professional negligence.  Because
appellant has not provided any relevant record citations, we overrule appellant=s ninth issue.  See
Tex. R. App. P. 38.1(h).

We affirm the trial court=s judgment.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.









[1]  Appellant also complains under this issue about
various delays he says were occasioned by attorneys involved in the case. 
Appellant, however, does not explain how these delays support his contention
that the court erred in denying the motion for enforcement, and such a link is
not obvious.