

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-12-00508-CV

---

IN THE INTEREST OF D.N. AND D.N., CHILDREN

---

On Appeal from the 84th District Court
Hansford County, Texas
Trial Court No. CV05034, Honorable William D. Smith, Presiding

---

May 9, 2013

## DISSENTING OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, the mother of two girls, appeals the trial court's judgment terminating her parental rights. She challenges the sufficiency of the evidence supporting the court's findings on the predicate grounds under Family Code § 161.001(1) and its best interest finding under § 161.001(2).

The Court concludes that the trial court's judgment cannot be affirmed by reference to evidence appellant committed an act listed under § 161.001(1) before the August 2011 date of the previous order denying termination of her parental rights, because the trial court's judgment does not state there was a material and substantial

change in the circumstances of a party since the date of that previous order. *See* Tex. Fam. Code Ann. § 161.004(a)(2) (West 2008). To reach that conclusion, the Court relies on *In re J.R.S.*, 232 S.W.3d 278 (Tex.App.—Fort Worth 2007, no pet.); *Cervantes-Peterson v. Tex. Dep't of Family & Protective Servs.*, 221 S.W.3d 244 (Tex.App.—Houston [1st Dist.] 2006, no pet.); and *Vasquez v. Tex. Dep't of Protective & Regulatory Servs.*, 190 S.W.3d 189 (Tex.App.—Houston [1st Dist.] 2005, pet. denied). I do not quarrel with the cited holdings of those cases, but they each deal with trial court findings concerning the predicate grounds § 161.001(1). *See In re J.R.S.*, 232 S.W.3d at 284-85; *Cervantes-Peterson,* 221 S.W.3d at 250-52; *Vasquez*, 190 S.W.3d at 194. That is not our circumstance here. The trial court's judgment contains affirmative findings on all the predicate grounds under § 161.001(1) on which the Department relies on appeal. The absent finding concerns the applicability of § 161.004, which does not contain the explicit requirement of a "finding" that courts have found applicable to the predicate grounds under § 161.001(1). *See Cervantes-Peterson*, 221 S.W.3d at 251 (citing §§ 161.001(1), 161.206).

A panel of this court recently addressed a circumstance in which the trial court relied for termination on evidence of predicate grounds that predated a previous order denying termination. *In re N.R.T.*, 338 S.W.3d 667 (Tex.App.—Amarillo 2011, no pet.) We affirmed the judgment despite the absence of findings on the requirements of § 161.004(a). *Id.* at 678. The judgment in *N.R.T.* followed a bench trial, while the case here was submitted to a jury. The charge instructed the jury it must find one of the predicate grounds under § 161.001(1), but did not contain an instruction with regard to the requirements of § 161.004(a). The ultimate issue on termination was submitted in

2

broad form.  *See Texas Dep't of Human Services v. E.B.,* 802 S.W.2d 647, 649 (Tex. 1990) (op. on reh'g).  I would apply an approach to the applicability of § 161.004(a) here similar to that we applied in *N.R.T.*

The Department argues the judgment of termination in this case should be affirmed on the basis of predicate grounds existing prior to the date of the August 2011 agreed order that denied termination of parental rights, via § 161.004.  I agree with the Department that the trial court's judgment should be affirmed.  Because the Court instead reverses the trial court's judgment, I respectfully dissent.


James T. Campbell
Justice