Opinion filed June 30,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00333-CV 

                                                    __________

 

                           IN
THE INTEREST OF J.A.M., A CHILD

 

 

                                   On
Appeal from the 266th District Court

 

                                                            Erath
County, Texas

 

                                                   Trial
Court Cause No. CV30303

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
trial court terminated appellant’s parental rights to her son, J.A.M.  J.A.M.’s
father voluntarily relinquished his rights and is not a party to this appeal.  We
affirm.[1]

On
November 25, 2009, less than four months after J.A.M. was born, the Texas
Department of Family and Protective Services filed an “Original Petition for
Protection of a Child, for Conservatorship, and for Termination in Suit
Affecting the Parent-Child Relationship.”  The trial court also signed an
emergency protection order on that day.  The emergency removal was connected
with drug usage by appellant and others who were around the child. 

Pursuant
to Tex. Fam. Code Ann. § 263.401(a) (Vernon 2008), the trial court
established a dismissal date of November 29, 2010, and set a trial date of
October 13, 2010.

Appellant
was incarcerated when the trial court conducted a bench trial in this case on
October 13, 2010.  Sometime prior to the hearing, appellant filed a “Motion for
Extension” in which she asked the trial court to extend the dismissal date for
a period of 180 days as provided for in Section 263.401(a).  She alleged that
she anticipated that she would be completing her incarceration by then, that
she could appear and testify at the final hearing about positive changes she
had undergone, and that the extension would also give her time to better comply
with the service plan provided by the Department.  There were no affidavits
attached to the motion, and no evidence was ever offered in support of the
motion, other than statements made by appellant’s attorney.

Appellant
has brought two issues on appeal.  When we read the argument portion of
appellant’s brief, we take it that in both issues she complains that she was
deprived of due process.  First, she claims that she was deprived of due
process when the trial court not only denied her the right to a bench warrant
but also denied her motion for extension.  Appellant also makes the claim that
she was deprived of her constitutional right to confront witnesses.  Next, she
argues, among other things, that she was denied her due process rights when the
trial court denied her motion for extension, thus preventing her from appearing
in person and showing the positive changes that she had made.

At
the outset, we note that this is a civil proceeding and that the constitutional
right of confrontation is applicable to criminal proceedings.  See U.S. Const. amend. VI.  Furthermore,
appellant has waived this portion of her complaint for failure to brief the
issue as required by Tex. R. App. P. 38.1(i). 


Appellant
makes the argument that the trial court erred when it did not issue a bench
warrant.  While the trial court said that it thought the matter of a bench
warrant had been brought up previously but that it was not going to issue one,
the record does not show that appellant asked the trial court to issue one.  Nevertheless,
even if she had asked the trial court to issue a bench warrant, the issue is
not briefed as required by Rule 38.1(i) and is waived.  

But,
even if the point is not waived, while litigants cannot be denied access to the
courts simply because they are inmates, an inmate does not have an absolute
right to appear in person in every court proceeding. See Hudson v. Palmer,
468 U.S. 517, 523 (1984); see also Zuniga v. Zuniga, 13
S.W.3d 798, 801 (Tex. App.—San Antonio 1999, no pet.).  In a termination suit,
an incarcerated defendant has no absolute right to appear in person at the
proceedings.  In re Z.L.T., 124 S.W.3d 163, 165-66 (Tex. 2003). 

When
deciding cases involving requests for the issuance of bench warrants, Texas
courts of appeal follow the Seventh Circuit’s decision in Stone v. Morris,
546 F.2d 730, 735-36 (7th Cir. 1976).  There are various factors that trial
courts should consider when deciding whether to grant an inmate’s request for a
bench warrant.  These factors include the cost and inconvenience of
transporting the prisoner to the courtroom; the security risk the prisoner
presents to the court and public; whether the prisoner’s claims are
substantial; whether the matter’s resolution can reasonably be delayed until
the prisoner’s release; whether the prisoner can and will offer admissible,
noncumulative testimony that cannot be effectively presented by deposition,
telephone, or some other means; whether the prisoner’s presence is important in
judging his demeanor and credibility; whether the trial is to the court or a
jury; and the prisoner’s probability of success on the merits.  In re Z.L.T.,
124 S.W.3d at 165-66.

If
appellant wanted the trial court to issue a bench warrant, then the burden was
upon her to bring forth factual information regarding those factors.  In re
Z.L.T., 124 S.W.3d at 166.  Appellant’s presentation showed that the state
jail in which she resided was less than 100 miles from the place of trial; that
she was a female, non-violent drug offender; and that her claims were
substantial.  But, as the trial court stated, based upon statements from
appellant’s counsel, appellant could not be released from her incarceration
until March 18, 2011, at the earliest, and, perhaps, as late as April 18, 2011. 
Any extension that the trial court might grant could not be later than May 29,
2011.  The trial court reasoned that such a schedule would not allow “her time
to do anything anyway.”

As
far as whether her testimony was such that it could not be presented by some
other means, it is apparent from the record that appellant had what amounted to
carte blanche permission to offer anything she wanted to the trial court and
that the trial court would consider it.  When it denied the motion for
extension, the trial court announced that it would allow affidavits and that
any position appellant might have would be admitted and considered.  The trial
court also said that it would let appellant “put in anything, and . . . you
could get whatever you wanted to from her and I would allow it to be offered
into this case and I will consider it.”

The
trial court also noted that it had been in this case since November 25, 2010,
when it signed the emergency protective orders, that appellant had failed to do
anything that was required of her even before she was incarcerated, and that
she had not shown in any way that she would provide a safe place for J.A.M.  “[S]he
didn’t fail to obey the law, she failed to do anything that was required” of
her.  The trial court had heard testimony that, with the exception of
visitation with J.A.M. and attending substance abuse classes, as required not
only by the Department but also by the terms of her probation in connection
with a drug-related case, appellant had failed totally to do anything required
of her in the service plan devised by the Department.  The evidence also shows
that she tested positive for drugs during this time.  There has been no
challenge to the sufficiency of the evidence.  Based upon the record before it,
if the trial court impliedly refused to issue a bench warrant for appellant, it
did not err when it did.

            We
also find no due process error as complained of in appellant’s two issues on
appeal.  When a party brings proceedings to terminate parental rights, those
proceedings must comport with procedural due process.  In re B.L.D., 113
S.W.3d 340, 351-52 (Tex. 2003).  Procedural due process requires, at a minimum,
the right to notice and to be heard at a meaningful time and in a meaningful
manner.  Tex. Workers’ Comp. Comm’n v. Patient Advocates of Tex., 136
S.W.3d 643, 658 (Tex. 2004).  Proceedings to terminate parental rights must
comply with the requirements of procedural due process.  In re B.L.D.,
113 S.W.3d at 351-52.  The phrase “due process” expresses the requirement of
fundamental fairness.  Id.  There are three factors to consider when we
determine what due process is in a particular proceeding:  (1) the private
interest affected by the proceeding or official action; (2) the countervailing
governmental interest supporting use of the challenged proceeding; and (3) the
risk of an erroneous deprivation of that interest due to the procedures used.  Id.


            The
private interest affected by a termination case is a parent’s fundamental
liberty interest in the care, custody, and control of his or her children. Id.
The countervailing governmental interest in this proceeding is to bring
these cases to an end so that a child is not left in limbo.  Id.  Here,
although appellant was not able to be present personally, the trial court in
this case was quite generous in providing a meaningful method whereby appellant
could make her position known to the trial court.  We have detailed that method
above.  

            Basically,
the trial court told appellant’s attorney to bring whatever he wanted and the
trial court would consider it as a part of the evidence.  In response, trial
counsel said that he recently visited with appellant.  Appellant felt contrite. 
She was on the waiting list for parenting classes in the state jail facility
where she was incarcerated, was taking G.E.D. classes, was attending church in
the state jail facility, was attending Narcotics Anonymous and Alcoholics
Anonymous twice each week, and “expressed a lot of interest in [J.A.M.] and
asked a lot of questions about [J.A.M.’s] well-being.”  Appellant’s attorney
presented no other evidence and made no objections to the procedure outlined by
the trial court, and no other requests were made for an alternate way of
proceeding.  After it heard this presentation and the evidence offered by the Department,
the trial court terminated appellant’s parental rights.  

            We
hold that, under these circumstances, the trial court offered appellant an
opportunity to be heard at a meaningful time and in a meaningful manner.  Id. 
Therefore, appellant was not deprived of her right to due process.  Appellant’s
first and second issues on appeal, as far as they relate to a deprivation of
due process, are overruled.

            In
appellant’s second issue on appeal, in addition to her due process argument,
she maintains that the trial court erred when it denied her motion for extension
under Tex. Fam. Code Ann. §
263.401 (Vernon 2008).  She
thought that her incarceration would be over within that time.  She maintains
that the trial court’s ruling deprived her of the opportunity to attend the
final hearing and to show the trial court positive improvements in her
abilities to parent and to attempt again to comply with the family service
plan.

We
have already discussed and overruled the due process aspect of the argument
that appellant presents in her second issue.  Now we will discuss whether the
trial court’s failure to grant the motion for extension was an abuse of
discretion.  We review a trial court’s decision to grant or deny a motion for
extension under Section 263.401(b) for an abuse of discretion.  In re D.M.,
244 S.W.3d 397, 416 (Tex. App.—Waco 2007, no pet.).  A trial court abuses its
discretion when it acts arbitrarily and unreasonably without reference to any
guiding rules or principles.  Low v. Henry, 221 S.W.3d 609, 614 (Tex. 2007). 


Section
263.401 provides in relevant part:

(a)
Unless the court has commenced the trial on the merits or granted an extension
under Subsection (b), on the first Monday after the first anniversary of the
date the court rendered a temporary order appointing the department as
temporary managing conservator, the court shall dismiss the suit affecting the
parent-child relationship filed by the department that requests termination of
the parent-child relationship or requests that the department be named
conservator of the child.

 

(b)
Unless the court has commenced the trial on the merits, the court may not
retain the suit on the court’s docket after the time described by Subsection
(a) unless the court finds that extraordinary circumstances necessitate the
child remaining in the temporary managing conservatorship of the department and
that continuing the appointment of the department as temporary managing
conservator is in the best interest of the child.  If the court makes those
findings, the court may retain the suit on the court’s docket for a period not
to exceed 180 days after the time described by Subsection (a).

 

            If
the Department seeks an extension under the statute, then it must prove:  (1)
that extraordinary circumstances exist that would make it necessary for the
child to remain in the temporary managing conservatorship of the Department and
(2) that it would be in the child’s best interest to remain under the temporary
managing conservatorship of the Department.  We find it somewhat curious that,
by that same token, if a parent asks for an extension under the statute, she
must also prove (1) that extraordinary circumstances exist that would make it
necessary for the child to remain in the temporary managing conservatorship of
the Department and (2) that it would be in the child’s best interest to remain
under the temporary managing conservatorship of the Department.  The statute
provides for no other manner in which to obtain an extension under it.  While
the question might be an interesting one, we need not decide the effect of a
parent proving, at the hearing on the motion for extension, that the Department
is, at least at the time of the hearing, the proper temporary managing
conservator.  Here, that issue is not before us.  The trial court did not make
those findings.  Unless the trial court does make those findings, it cannot
grant an extension under the terms of the statute.  And, even if the movant
makes the appropriate proof, and if the trial court does make those findings,
the statute contains permissive language.  The statute provides:  “If the court
makes those findings, the court may retain the suit on the court’s
docket for a period not to exceed 180 days after the time described by
Subsection (a)” (emphasis added).  We note that, when the term “may” is used in
a statute, it indicates a discretionary, not mandatory duty.  Tex. Gov’t Code Ann. § 311.016 (Vernon
2005); Hardy v. Marsh, 170 S.W.3d 865, 870-71 (Tex. App.—Texarkana 2005,
no pet.).   Given the trial court’s apparent
awareness of appellant’s prior history and prior failed experiences with the
Department, appellant’s probable release date from state jail, and the trial
court’s agreement to allow appellant’s attorney to present whatever appellant
wanted to present, in whatever form, to the trial court, we cannot say that
appellant has shown that the trial court abused its discretion when it denied
the motion for extension.  We overrule Issues One and Two in their entirety.

            We
affirm the judgment of the trial court.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

June
30, 2011

Panel[2]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]

 

 

 

 









                [1]The attorney/guardian ad litem for J.A.M. has filed a
brief in which he adopts the Department’s brief in its entirety and asks this
court to affirm the judgment of the trial court.





[2]Rick Strange, Justice, resigned effective April 17, 2011.  The justice
position is vacant pending appointment of a successor by the governor.





 

[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.